REQUESTED BY: Senator Karen Kilgarin Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Kilgarin:
This is in reply to your inquiry concerning LB 13.
You have inquired about the effect of an amendment to section 61 of that bill which, with the amended portion underlined, would read as follows:
 Any separate juvenile court probation position or related position exclusively associated with probation services and existing within a separate juvenile court juvenile court existing on or before January 1, 1983, shall, after July 1, 1984, be deemed a part of the Field Probation Service. The positions shall exist under the office of Probation Administration, and juvenile probation officers and employees in such related positions shall serve under the same conditions as other comparable service personnel.
You inquire if this would have the desired effect of preventing the transfer of personnel working for a separate juvenile court or in administrative support functions for a separate juvenile court when such functions are completely unrelated to probation services or probation support services.
The effect of the bill would depend upon the meaning of the words `exclusively associated' in your amendment. Webster's New World Dictionary, College Edition, defines `exclusive' as `excluding all others; shutting out other considerations, happenings, existences, occupations, etc.' It defines `exclusively' as `with all others excluded; only.'
It defines `associate' in part as `to connect; combine; join . . . anything joined with another thing or things.'
With these definitions in mind, we would have to say that only probation positions and related positions concerned only with probation services to the exclusion of any services not related to probation would be transferred, provided they are within a separate juvenile court on the date in question.
If the `related position' associated with probation services also contains work in other areas not connected with probation services, even though a very small portion of the time, it would not be transferred because it would not be `exclusively' associated with probation services. Thus, administrative support functions for the separate juvenile court would not have to be `completely unrelated' to probation services (as stated in your letter) to avoid transfer, but merely a small portion of such administrative support functions would have to be unrelated to probation services.
If we can be of further assistance to you, please contact us.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General